**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA
ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA 57501-2463

IRVIN N. HOYT
BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

September 16, 2005

Cash Depot, Inc.
3904 W. 41st Street
Sioux Falls, South Dakota 57106

Randall B. Blake, Esq.
505 W. 9th Street, Suite 100
Sioux Falls, South Dakota 57104

    Subject: ***In re Kelly Cletus Lentsch and Angela Marie Lentsch***
                Chapter 7; Bankr. No. 05-40585

Dear Sir or Madam and Mr. Blake:

    The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors on August 26, 2005. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014. As set forth below, Debtors' motion will be granted.[1]

    **Summary.** On February 8, 2005, Cash Depot, Inc. ("Cash Depot") obtained a judgment against Angela Lentsch ("Debtor") in state court for $661.13 plus costs and interest. On April 4, 2005, Kelly Cletus Lentsch and Angela Marie Lentsch (collectively, "Debtors") filed for relief under chapter 7 of the bankruptcy code. Debtors listed Cash Depot as an unsecured creditor on their Schedule F.

    On April 6, 2005, the Bankruptcy Clerk served notice of commencement of the case on Debtors' creditors, including Cash Depot. The notice of commencement of case clearly stated that the deadline for filing a complaint objecting to discharge or to determine the dischargeability of a particular debt was July 8, 2005.

---

    [1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re: *Kelly Cletus Lentsch and Angela Marie Lentsch*
September 16, 2005
Page 2




Neither Cash Depot nor any of Debtors' other creditors filed a complaint objecting to discharge or to determine the dischargeability of a particular debt. On July 11, 2005, Debtors were therefore granted a discharge under § 727 of the bankruptcy code.

On August 26, 2005, Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy. Cash Depot's judgment was listed in Debtors' motion. On August 31, 2005, Cash Depot filed an objection to Debtors' motion, in which it described the circumstances giving rise to its claim against Debtor, including an allegation that Debtor had obtained a loan based on a "fraudulent application" and a further allegation that Debtor had used a "phony social security number."

**Discussion.** Section 524(a)(1) of the Bankruptcy Code provides:

(a) A discharge in a case under this title -

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which it was docketed. When a debtor receives a bankruptcy discharge, she may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

In this case, Cash Depot received timely notice of Debtors' bankruptcy. It did not object to Debtors' discharge or to the dischargeability of its claim. Its claim was therefore discharged

Re: *Kelly Cletus Lentsch and Angela Marie Lentsch*
September 16, 2005
Page 3


on July 11, 2005.[2] Its judgment was voided on that same date. Debtors are therefore entitled to the relief requested in their motion.

   The Court will enter an appropriate order.

                              Sincerely,

                              Irvin N. Hoyt
                              Bankruptcy Judge

INH:sh

cc: case file (docket original; copies to parties in interest)


I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

SEP 1 6 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By

---

   [2] Cash Depot's failure to raise the issue of Debtor's allegedly fraudulent application prior to the deadline for filing a complaint to determine the dischargeability of its claim precludes the Court's considering that allegation now. *See* Fed.R.Bankr.P. 4007(c). However, Credit Depot may wish to call Debtor's alleged use of a false social security number to the attention of the United States Attorney and/or the United States Trustee.

Randall B. Blake
505 W. 9th St.
Sioux Falls, SD 57104

Cash Depot, Inc.
Attn: Leah Leisinger
3904 West 41st Street
Sioux Falls, SD 57106

Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

Angela Marie Lentsch
Kelly Cletus Lentsch
626 S. Prairie Ave.
Sioux Falls, SD 57104

John S. Lovald
Trustee
PO Box 66
Pierre, SD 57501